**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
**HECTOR RODRIGUEZ,**                             :
                                                  :          **09 CV 7412 (HB)**
                          **Petitioner,**         :
                                                  :          **OPINION & ORDER**
                 -against-                        :
                                                  :
**JAMES A. MANCE,**                               :
                                                  :
                          **Respondent.**         :
-----------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**[1]

     Pro se petitioner Hector Rodriguez brings this action seeking habeas relief pursuant to 28 U.S.C. § 2254, challenging his state court conviction and sentence on charges of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second and third degrees.  Petitioner is currently serving concurrent prison terms of seven years, seven years, six years, and two years with two-and-one-half years of post-release supervision for the respective crimes.

     In the instant habeas petition, which was filed on August 24, 2009, petitioner argues (1) that his Fourteenth Amendment right to due process was violated when the State failed to disprove his justification defense beyond a reasonable doubt, and (2) that the sentencing court's reliance on unproven findings during sentencing denied him of due process.

     On December 7, 2009, the matter was referred to United States Magistrate Judge Michael H. Dolinger, who issued a Report and Recommendation ("R & R") on July 12, 2010 concluding that Rodriguez's petition should be denied in its entirety.  Just after the R & R was docketed, Magistrate Judge Dolinger received a copy of an Amended Petition, mailed by Rodriguez on July 8, 2010.  Magistrate Judge Dolinger granted the motion to amend, but determined that the

---

[1] Erica Iverson, a third year student at NYU School of Law and a Fall 2010 intern in my Chambers, provided substantial assistance in researching and drafting this Opinion.

1

amendments to the petition did not change the result or reasoning in the R & R.  See Memo Endorsement of July 14, 2010 (Docket No. 15.)

Around the same time, Rodriguez received a copy of Magistrate Judge Dolinger's July 12, 2010 R & R, along with instructions to file any objections within 14 days pursuant to Fed. R. Civ. P. 72.  On July 25, 2010, Rodriguez mailed a brief letter to the Court.  In it, he requested that the Court review his Amended Petition of July 8, 2010 prior to rendering a final decision in this matter.  Rodriguez's July 24 letter expressed no other objections to Magistrate Judge Dolinger's R & R.

Having reviewed the R & R, I adopt the conclusions outlined therein, and accordingly, must deny Rodriguez's petition for a writ of habeas corpus.

**I.      Background**

The salient facts of petitioner's trial and sentencing are detailed extensively in the attached fifty-two page R & R, familiarity with which is presumed.  Petitioner and a former employee, Julio Miguel Veras, had an altercation on December 26, 2005.  Although the specific events that occurred during the argument are disputed, at some point, Mr. Veras attempted to strike petitioner with a hammer.  Petitioner subsequently pulled out a firearm and shot Mr. Veras.  As Mr. Veras fled, petitioner shot him a second time.

At trial, petitioner presented evidence that Mr. Veras had been the initial aggressor and raised a justification defense.  However, video surveillance of the scene captured only the shooting itself, and not the events leading up to the shooting.  The jury rejected petitioner's justification defense and subsequently convicted him of four of the five counts ultimately submitted.

At sentencing, the judge opted to impose a sentence slightly above the minimum for three reasons, one of which involved the concern that there was a strong indication petitioner had played a role in tampering with the video surveillance evidence.  At the sentencing hearing, the defense offered no objection to these findings.

The Appellate Division, in affirming the conviction and sentence, stated that the jury verdict was "not against the weight of the evidence," People v. Rodriguez, 61 A.D.3d 460, 460, 875 N.Y.S.2d 890, 890 (1st Dep't 2009), and that petitioner "did not preserve his claim that the court based his sentence on any improper criteria." Id. On June 10, 2009 the New York Court of Appeals denied leave to appeal the conviction. People v. Rodriguez, 12 N.Y.3d 920, 884 N.Y.S.2d 701 (2009). On August 4, 2009, this petition followed.

## II.    Standard of Review

When reviewing a Report and Recommendation from a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. 636(b)(1). Where no timely and actionable objection has been made, a district court may accept a Report and Recommendation so long as there is "no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); accord Edwards v. Fisher, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) ("[T]he court is permitted to adopt those sections of the report to which no specific objection is made, so long as those sections are not facially erroneous."). However, when a specific objection is filed, the district court must review the relevant portion(s) of a magistrate's disposition *de novo*. Fed R. Civ. P. 72(b)(3); see also Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989) (noting that in the event of an objection by either party, the judge shall make "a de novo determination of those portions of the report . . . to which objection is made"); Camardo v. Gen. Motors Hourly Rate Emps. Pension Plan, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992) ("[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects."). Where the objections are "merely perfunctory responses," the reviewing court need not engage in *de novo* review of the magistrate's Report and Recommendation. Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002); see also Boatswain v. Artus, 2009 WL 4496049, at *1 (S.D.N.Y. Dec. 3, 2009) (noting that party making conclusory objections or reiterating original arguments results in district court reviewing for clear error).

Here, petitioner's letter does not amount to an objection of any kind, much less a specific objection to a particular portion of the magistrate's report.[2]  This conclusion is made in keeping with the Court's obligation to construe the submissions of *pro se* litigants liberally.  See, e.g., Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  Thus, the Court will review the R & R for clear error only.

## III.   Discussion

Having reviewed Magistrate Judge Dolinger's detailed R & R, I have determined that there is no clear legal error in his findings.

In assessing petitioner's legal sufficiency claim that his conviction was against the weight of the evidence, Magistrate Judge Dolinger correctly asserted that petitioner could prevail in this Court only if "the Appellate Division's decision was contrary to, or an unreasonable application of, Supreme Court precedent." R & R at 31 (citing Williams v. Taylor, 529 U.S. 362, 410–13 (2000)).  Magistrate Judge Dolinger concluded that petitioner failed to satisfy this standard, as there was ample evidence to permit a reasonable fact-finder to determine beyond a reasonable doubt that petitioner was not justified in shooting Mr. Veras.  I find no error in this conclusion.

As to petitioner's objection to the sentencing court's use of unproven allegations in imposing petitioner's sentence, Magistrate Judge Dolinger rightly noted that the claim is procedurally barred because petitioner did not preserve the objection for appellate review as required under New York law.  N.Y. Crim. Proc. Law § 470.05(2).  Despite this finding, Magistrate Judge Dolinger went on to conclude that petitioner's claim that the sentencing judge relied on materially false information in imposing the sentence is meritless.  He found *first* that the sentencing judge relied on many factors when setting the final sentence (R & R at 49); and *second* that the sentencing judge's inference that petitioner was involved in evidence tampering was not "pure speculation," but reasonable.  R & R at 50 (citing People v. Naranjo, 89 N.Y.2d 1047, 1049, 659 N.Y.S.2d 826, 827 (1997)).  All of petitioner's arguments as to sentencing were

---

[2] Even accepting the Amended Petition as an objection to the R & R, rather than a motion to amend the original habeas petition, would require us only to view it in the most general terms.  Nothing in the language of the Amended Petition evinces an intention to articulate specific objections to Magistrate Judge Dolinger's R & R.

satisfactorily assessed by Magistrate Judge Dolinger, and this Court finds no clear error in any of his conclusions.

Lastly, the Amended Petition submitted by petitioner was properly taken into consideration by Magistrate Judge Dolinger. The submission offers no new evidence or unaddressed claims, and I agree that it does not alter the reasoning in Magistrate Judge Dolinger's carefully-reasoned R & R.

## IV. Conclusion

In light of the foregoing analysis, the Report and Recommendation of Magistrate Judge Dolinger is adopted in its entirety and the instant petition for a writ of habeas corpus is denied.

**SO ORDERED.**

New York, New York
~~September~~ 2010
October 5, 2010

_____
Hon. Harold Baer, Jr.
U.S.D.J.